**GINSBERG v. YELLOWLEY, Acting Federal Prohibition Director, et al.**

(District Court, E. D. New York. March 17, 1923.)

Intoxicating liquors ⬤=⊃72—Suit to compel renewal of permit; preliminary order.

Under National Prohibition Act, tit. 2, § 6, providing that, on refusal of a permit for sale of liquor, the applicant may have the decision of the Commissioner reviewed by a court of equity, in a suit to review a decision refusing renewal of a permit for substantial reasons, the court will not take any action which will in effect give the applicant the benefit of a permit pending the hearing.

In Equity. Suit by Michael Ginsberg against Edward C. Yellowley, Acting Federal Prohibition Director for the State of New York, and Roy A. Haynes, Federal Prohibition Commissioner. On motion by complainant for preliminary order. Denied.

Meyer Kraushaar, of New York City (Emanuel Cellor, of New York City, of counsel), for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Guy O. Walser, Asst. U. S. Atty., of New York City, for defendants.

CAMPBELL, District Judge. In the matter at bar, the permit of the plaintiff to purchase intoxicating liquors has expired, and his bond has ceased to be binding. Plaintiff sought renewal of his permit, and was refused.

Under section 5 of the National Prohibition Law (41 Stat. 310) he is entitled to have the action of the Commissioner in refusing the renewal permit reviewed; but surely, if the action of the officer in refusing such renewal is based upon what would be sufficient reasons, if true, and no malice or bad faith is shown, it would be a great stretch of power, and tend to accomplish the very thing the act was designed to prevent, if before trial the action of the Commissioner, charged with the enforcement of the law, should be overturned, and the plaintiff given all that he could obtain if he sustained his complaint on a trial.

The reason for refusing the renewal permit assigned by the defendants, to wit, that 177 of the prescriptions filled by the plaintiff during

---

⬤=⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the preceding year were spurious, counterfeit, and fraudulent, is a substantial reason, and by the regulations the plaintiff was held strictly accountable for the authenticity of the form upon which the prescriptions for liquor were written. No malice or lack of good faith on the part of the defendants has been shown, but, on the contrary, they seem to be trying to enforce the law, and should be supported in so doing.

The plaintiff appears to take the position that the power of the Commissioner was simply to adopt regulations, and that, if an application was made, which in form conformed to the regulations, the Commissioner was vested with no discretion, but was obliged to issue the permit. This does not seem logical, when you consider that under section 6 of the law it is provided that the action of the Commissioner in refusing the permit may be reviewed before a court of equity, in the manner prescribed in section 5 of the law.

If the Commissioner had no discretion, there would be nothing to review, because, if he was bound to issue the permit on the filing of an application which in form conformed to the regulations, and the bond was given, the duty to issue the permit would be mandatory, and a mandatory order would issue to compel performance of that duty. The fact that the law prescribes that the action of the Commissioner may be reviewed shows that it was contemplated that something should be done by the Commissioner more than merely accepting or refusing an application, based on whether or not it in form conformed to the regulations.

This is not an action based upon the revocation of an existing permit, but its purpose is to compel the issuance of a renewal permit; and if the Commissioner was convinced that the defendant had not complied with the regulations when he was the owner of the permit formerly issued, he was amply justified in refusing to grant a new one, because, once the new permit was granted, it is very doubtful whether it could be revoked because of anything which the plaintiff had done under its former permit. The defendants have offered plaintiff an opportunity to appear before them and present his evidence in this matter. That invitation, of course, he may accept or reject at his pleasure; but in the interval he should not be granted the relief asked for in his complaint, when there exists doubt whether he could obtain that relief even upon trial.

The motion for the order applied for herein is therefore denied, and, as I am not now conducting trials in equity, I cannot set the case down for immediate trial, but direct that the same be preferred on the equity calendar.